IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRIC OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOBBY BOSTIC, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 4:11CV2193 FRB |
| ) | |
| MICHAEL BOWERSOX, ) | |
| Respondent. ) | |

### RESPONSE TO ORDER TO SHOW CAUSE WHY THE WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED

Bobby Bostic is confined in the South Central Correctional Center in Licking, Missouri. Michael Bowersox, the warden of that facility, is a proper party respondent. Because Bostic is challenging future consecutive sentences Chris Koster the Attorney General of Missouri is also a proper party respondent. The Circuit Court of St. Louis City following a jury trial convicted Bostic of eight armed criminal actions, three first degree robberies, three attempted first degree robberies, two first degree assaults, one kidnapping, and possession of a controlled substance. The Court imposed consecutive sentences totaling 241 years imprisonment for these seventeen felonies and one misdemeanor.

### Summary of Argument

Bostic alleges that his sentences are unconstitutional because he committed his crimes when he was under eighteen years of age, and that the practical effective of his numerous sentences is that he will not be parole eligible until 2091 when he will be over one hundred years-old.

1

The claim must fail for numerous reasons.

First, Bostic is raising his claim in a second petition for habeas corpus after this Court rejected an earlier petition on the merits. This claim was not raised in the earlier petition and is barred by 28 U.S.C. §2244(b)(2). The claim is based on *Graham v. Florida*, 130 S.Ct. 2011 (2010), a case that the United States Supreme Court did not make explicitly retroactive. *See Tyler v. Cain*, 533 U.S. 656, 662 (2001). Bostic must show this court that he prevails under 28 U.S.C. §2244 (b)(2) for the case to continue, not merely make a *prima facie* showing, as was the case in the application to file. 28 U.S.C. §2244 (b)(3)(c).

Second, the claim is time-barred under 28 U.S.C. §2244(d). Bostic's state post-conviction appeal was decided in February 2000. Bostic began pursuing his current claim through three state habeas corpus petitions, and a motion to recall the mandate in 2011. On September 8, 2011 he filed an application for leave to file a second or successive petition for habeas corpus. The factual predicate of Bostic's sentence has been available since he was sentenced to 241 years imprison for dangerous felonies that carry a mandatory-minimum term to be served before parole eligibility. There is no new constitutional right in this case made retroactively applicable to cases on collateral review by the United States Supreme Court, and no state created impediment that prevented filing a timely petition. In short, the one-year statute of limitations ran out over a decade ago.

Third, the claim is procedurally barred. Bostic had the factual predicate of his claim available in time to include it in a direct appeal, or in a post-conviction

2

relief motion under Missouri Supreme Court Rule 29.15.  Bostic knew his sentence and could have looked at the statutes setting mandatory-minimum prison terms on dangerous felonies.  In fact, at sentencing counsel referenced the eighty-five percent minimum prison term on the dangerous felonies in arguing for a shorter aggregate sentence.  Bostic could have argued that evolving standards of decency caused his to be unconstitutional. *See Estelle v. Gamble*, 429 U.S. 97 (1976); *Trop v. Dulles*, 356 U.S. 86 (1958) (plurality opinion).  But he did not do so in his direct or post-conviction appeal.  The claim is now proceduraly barred. *See Lowe-Bey v. Groose*, 28 F.3d 816, 818-820 (8th Cir. 1994); *Flieger v. Delo*, 16 F.3d 878, 885 (8th Cir. 1994).

Fourth, the claim is unexhausted in the sense that Bostic has not sought a judicial determination from a Missouri Court of when he becomes parole eligible.  Missouri Courts in declaratory judgment actions against the parole board can and on occasion  disagree with the Parole Board on when a particular inmate becomes eligible for parole under Missouri's statutes and regulations. *See e.g. Edger v. Missouri Board of Probation and Parole*, 307 S.W.3d 718 (Mo. App. W.D. 2010); *Dudley v. Agniel*, 207 S.W.3d 617 (Mo. banc 2006).

Fifth, the claim is without merit.  In *Graham v. Florida*, 130 S.Ct. 2011 (2010) the United States Supreme Court found it to be cruel and unusual punishment to sentence a sixteen-year-old to life in prison without the possibility of parole for a burglary.  Bostic received consecutive sentences to various terms of years for seventeen felonies and one misdemeanor.  *Graham* does not necessarily

3

control in this situation.  If did it, at some point an offender in the midst of a crime spree could act with impunity in committing additional violent felonies, so long as he did not kill anyone, because no additional punishment could be imposed after a certain threshold was passed.  That is not the law.

## Statement of Exhibits

The following exhibits are maintained in paper form only and will be mailed to this Court.  These are all documents of which Mr. Bostic should already have copies:

Respondent's Exhibit 1 is the judgment of conviction and sentence.

Respondent's Exhibit 2 is the order of the Missouri Court of Appeals affirming the judgment of conviction and sentence.

Respondent's Exhibit 3 is Bostic's motion to recall the mandate raising his current claim in the Missouri Court of Appeals.

Respondent's Exhibit 4 is the State's suggestions in opposition to the motion to recall the mandate, containing as exhibits the sentencing transcript, and Bostic's direct appeal brief.

Respondent's Exhibit 5 is the docket sheet from the direct appeal.

Respondent's Exhibit 6 is the post-conviction review hearing transcript.

Respondent's Exhibit 7 is the post-conviction review legal file.

Respondent's Exhibit 8 is Bostic's post-conviction review appellate brief.

Respondent's Exhibit 9 is the State's post-conviction review appellate brief.

>Respondent's Exhibit 10 is the order of the Missouri Court of Appeals affirming denial of post-conviction relief..
>
>Respondent's Exhibit 11 is the docket sheet from the post-conviction appeal.
>
>Respondent's Exhibit 12 is Bostic's petition for the writ of habeas corpus in the Missouri Supreme Court.
>
>Respondent's Exhibit 13 contains the warden's suggestion in opposition to the petition for the writ of habeas corpus.
>
>Respondent's Exhibit 14 is the order of the Missouri Supreme Court denying Bostic's petition for habeas corpus.
>
>Respondent's Exhibit 15 is this Court's memorandum and order denying Bostic's earlier petition for the writ of habeas corpus.
>
>Respondent's Exhibit 16 contains the warden's suggestions in opposition to the application for leave to file a successive petition.

## Analysis

**A.  The claim is barred by 28 U.S.C. §2244(b)(1)**

This Court denied Bostic's habeas corpus petition in *Bostic v. Kemna*, No. 4:00 CV1069 FRB on September 11, 2003 (Resp. Exh. 15). Bostic raised four claims. None of which alleged that his sentence violated the Eighth Amendment because he would not become parole eligible until he most likely will have died from old age, his current claim (Resp. Exh. 15). Section 28 U.S.C. §2244(b)(2) reads as follows:

>    (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

Bostics's claim must be dismissed unless it fits in either the exception in subsection (A) or the exception in subsection (B). Bostic's claim does not fit within either subsection.

Bostic relies on *Graham v. Florida*, 130 S.Ct. 2011 (2010) for the principle that a life without parole sentence for a juvenile involved in a non-homicide offense violates the Eighth Amendment. The *Graham* decision does not contain a holding that its principles are retroactively applicable to cases on collateral review. In *Tyler v. Cain*, 533 U.S. 656 662-665 (2001) the United States Supreme Court held that in order for a claim to fit within the exception in 28 U.S.C. §2244 (b)(2)(A) the United States Supreme Court must have held in a decision that the new rule of law the petitioner seeks rely on is to be applied to cases on collateral review. *See also United States v. Rochester*, 263 F.3d 1059 (2002) (*Apprendi* claim cannot be raised in successive 28 U.S.C. §2255 petition because the "United

6

States Supreme Court has not held that *Apprendi* is retroactively applicable to cases on collateral review). Therefore Bostic's claim does not fit within the exception of 28 U.S.C. §2244 (b)(2)(A).

Bostic knew about his lengthy consecutive sentences and that many of these contained eighty-five percent mandatory-minimum prison terms at the time of sentencing (Resp. Exh. 4 Sentencing Tr. At 338, counsel argues unsuccessfully for concurrent sentences or suspension of some sentences based on eighty-five percent mandatory-minimum prison term carried by many of the offenses in order to make Bostic parole eligible in his early or mid forties). Therefore Bostic knew about the factual basis of his current claim in time to raise the claim in his first petition, and the claim fails under 28 U.S.C. §2244 (b)(2)(B)(i). Additionally, the claim has nothing to do with actual innocence as defined in 28 U.S.C. §2244 (b)(2)(B)(ii) and therefore the claim fails to fit within the exception in 28 U.S.C. §2244 (b)(2)(B) for that reason as well. The petition must as a matter of law therefore be dismissed under 28 U.S.C. §2244 (b).

**B. The claim is barred by 28 U.S.C. §2244 (d)**

Bostic's direct appeal was decided on March 24, 1998 (Resp. Exh. 2). His post-conviction appeal was decided on February 8, 2000 (Resp. Exh. 10). Bostic then filed a federal habeas petition in this Court in 2000 (Resp. Exh. 15). But Bostic did not file an application seeking leave to raise his current claim in a second or successive petition until September 8, 2011. Bostic had a motion to recall the mandate pending for four days in 2000, another pending for

7

approximately eight months in 2006 and 2007 and another pending for roughly two months in 2011 (Resp. Exh. 5). The statute of limitations ran out in 2001. Bostic litigated state habeas corpus actions in the Circuit Court of Texas County, the Missouri Court of Appeals Eastern District, and the Missouri Supreme Court in 2011, roughly a decade after the statute of limitations had run out (Resp. Exh. 12). *See Gray v. Gammon*, 283 F.3d 917 (8th Cir. 2002) (collateral proceedings started after the statute of limitations had expired do not affect the calculation of the limitations period).

The one year limitation period starts on the latest of (A) the completion of direct review; (B) the end of an illegal or unconstitutional state created impediment preventing filing (C) the date on which the constitutional right asserted is made retroactively available to cases on collateral review by the United States Supreme Court; or (D) the date on which the factual predicate of the claim could have been discovered through due diligence. 28 U.S.C. §2244(d)(i). As discussed in connection with 28 U.S.C. §2244(b)(2) the factual predicate of the claim has been available since sentencing, and the *Graham* case has not been made retroactively applicable to cases on collateral review by the United States Supreme Court. There has been no state created impediment preventing the filing of habeas petition. The clock started to run in 2000 and it ran out in 2001. The current petition is untimely.

**C. The claim is procedurally barred**

Bostic knew his consecutive sentences totaled 241 years at the time of sentencing, and he knew that his sentences for dangerous felonies contained an eighty-five percent mandatory-minimum prison terms under §558.019 RSMo and §556.061(8) RSMo.  But he did not allege that his aggregate sentence violated the Eighth Amendment because of the total length of time before he becomes eligible for parole in either his direct appeal or his post-conviction review appeal (See Resp. Exh. 4 direct appeal brief Resp. Exh. 8 post-conviction appeal brief).  Bostic argued in state court that the sentencing judge should have recused himself because he was allegedly biased against Bostic by letters Bostic wrote to the judge while awaiting sentencing, indicating that rather than accepting responsibility for the crimes Bostic blamed others for Bostic's actions (Resp. Exh. 4).  Bostic presented that claim to this Court in the first habeas petition.  This Court found the claim to be without, merit noting that the trial court's discontentment with Bostic's lack of remorse and perceived blamelessness for his serious crimes is not bias or prejudice (Resp. Exh. 15 at 20).

Bostic has now changed legal theories, and rather than arguing judicial bias in imposing the sentence is alleging that the combined sentences are cruel and unusual punishment because of the lengthy time before parole eligibility.  That Bostic cannot do. He is bound to present the same factual and legal theory that he presented in state court, and his failure to do so creates a procedural bar to review. *See Flieger v. Delo*, 16 F.3d 878, 885 (8th Cir. 1994); *Lowe-Bey v. Groose*, 28 F.3d 816, 818-820 (8th Cir. 1994).  Bostic had the legal tools to build his current claim

9

before Graham was decided. *See Estelle v. Gamble*, 429 U.S. 97 (1976); *Trop v. Dulles*, 356 U.S. 86 (1958) (plurality opinion). But unlike the defendant in Graham he did not do so. His claim is procedurally barred.

**D.  The claim is unexhausted**

Missouri Courts can and do issue declarations of the proper parole eligibility date when there is a dispute on this issue between an inmate and the Parole Board. *See e.g. Edger v. Missouri Board of Probation and Parole*, 307 S.W.3d 718 (Mo. App. W.D. 2010); *Dudley v. Agniel*, 207 S.W.3d 617 (Mo. banc 2006). It is well established that the Parole Board has almost unlimited discretion in determining if and when to parole an eligible inmate. *See* Edger; *State ex rel. Cavallaro v. Groose*, 908 S.W.3d 133 (Mo. banc 1995). But the determination of when an inmate is eligible for parole consideration is a matter of interpreting statutes and regulations that is subject to judicial determination. The Parole Board has determined that Bostic is eligible for parole considering in 2091, but Bostic has never asked for a judicial determination of whether this analysis is correct. He is required to do this before asserting that his sentence violates the Eighth Amendment based on his parole eligibility date. *See* 28 U.S.C. §2254(b). If the 2091 eligibility date is not correct under Missouri law, it is pointless to litigate whether that date makes the aggregate sentences, on which it is in part based, unconstitutional.

**E.  The claim is without merit**

10

In *Graham v. Florida*, 130 S.Ct., 2011 (2010) the United States Supreme Court found that sentencing a sixteen-year-old to life without parole for burglary was cruel and unusual punishment.  But Bostic is not sentenced to life without parole for any offense.  The reason Bostic has a 241-year aggregate sentence is that he was convicted of eighteen crimes including seventeen felonies and received various terms of years ranging from one year to thirty years as sentences. (See attachment to Resp. Exh. 13 for a calculation of how the Parole Board arrived at a 2091 eligibility date).  Some of these sentences have statutory or regulatory minimum percentage that must be served before parole eligibility.  It is an entirely different thing to sentence a defendant to life without parole for a single burglary than it is to impose various terms of years from one to thirty years for eighteen different crimes.  *Graham* would not control this case were the claim not barred as a second or successive petition, time barred, unexhausted, and procedurally defaulted.  But the claim fails for all these reasons.

## Conclusion

The petition for the writ of habeas corpus should be denied.

Respectfully submitted,

**Chris Koster**
Attorney General

/s/ Michael J. Spillane

**Michael Spillane**
Assistant Attorney General
Missouri Bar No. 40704

11

P.O. Box 899  
Jefferson City, MO 65102  
Telephone: (573)751-7406  
Facsimile: (573)751-2096

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing document was mailed, postage prepaid, this 2nd day of March, 2012, to:

Bobby Bostic #526795  
South Central Correctional Center  
255 West Highway 32  
Licking, MO 65542

/s/Michael J. Spillane  
_____  
Michael J.  Spillane